No. 33,875

TED R. PATTERSON, *Appellee,* v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

(79 P. 2d 855)

140

*Clarence V. Beck,* attorney general, *William E. Scott,* assistant attorney general, *Arthur J. Stanley, Jr.,* county attorney, and *T. P. Palmer,* deputy county attorney, for the appellant.

*Errett P. Scrivner* and *Lee E. Weeks,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for soldiers' compensation. Plaintiff prevailed, and the compensation board appeals.

The soldiers' compensation board denied the claim on December 18, 1923, for the reason claimant did not then possess an honorable discharge. He had enlisted June 1, 1917, at the age of seventeen, and was discharged from the military service March 6, 1918, for fraudulent enlistment on account of misrepresentation of age. At the time of discharge he was a private in company G, 140th infantry, and was located at Camp Doniphan, Okla. The only question presented on appeal is whether the trial court erred in finding claimant had an honorable discharge. It is conceded he did not have an honorable discharge when his claim was disallowed by the compensation board.

In March of 1936, the congress apparently recognized that to deny such a youth an honorable discharge was not in keeping with the patriotic spirit evidenced by his enlistment nor in keeping with the character of the service rendered. Clearly he had not been discharged by reason of any dishonorable act while engaged in the service. In order to remedy the obvious injustice, the congress enacted the following legislation:

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled, That in the administration of any laws conferring rights, privileges, or benefits upon honorably discharged soldiers of the United States army, their widows, and dependent children, a soldier who served as an enlisted man between April 6, 1917, and November 11, 1918, both dates inclusive, and who was discharged for fraudulent enlistment on account of minority or misrepresentation of age, shall hereafter be held and considered to have been discharged honorably from the military service on the date of his actual separation therefrom if his service otherwise was such as would have entitled him to an honorable discharge: *Provided,* That no back pay or allowance shall accrue by reason of the passage of this act: *Provided further,* That in all such cases the war department shall, upon request, grant to such men, or their widows, a discharge certificate showing that the soldier is held and considered to have been honorably discharged under the provisions of this act." (49 U. S. Stat. at L. 1159.)

In conformity with this act there was issued to claimant a certificate of honorable discharge. Following the passage of the federal law our legislature in 1937 extended not only the time for filing new claims for compensation (Laws 1937, ch. 323), but also provided for new appeals to the district court from rulings of the soldiers' compensation board, disallowing claims previous to the time the 1937 law became effective. (Laws 1937, ch. 321.) No exception was made of claims previously disallowed by reason of failure to present an honorable discharge. The new law provided ninety days within which to perfect the appeal. That the appeal in the instant case was perfected in time is conceded.

The state urges that the class of persons intended to be included within the provisions of the Kansas law were those who had an honorable discharge at the time of the adoption of the referendum in 1922, known as "An act relating to compensation for veterans of the World War." (G. S. 1935, 73-101.) Our attention is directed to that portion of the foregoing statute and also to G. S. 1935, 73-102, enacted in 1923, which, touching the subject of a discharge, reads: "who *was* honorably discharged." That the word *"was"* cannot reasonably be construed to have been intended to include only such persons who, at the time of the referendum vote and at the time of the enactment of the first statute passed in compliance therewith, had received an honorable discharge, must be obvious. At that time quite a number of Kansas soldiers had not yet been discharged from the service. They were still employed in various capacities, and clearly it was not the intention to exclude such persons from compensation by virtue of their continued service. The interpretation urged by the state would result in penalizing certain persons whose term of military service had been extended beyond that of others. The contention is untenable. The original act of 1921, the referendum adopted in 1922 and the act of 1923 all contained the following language: "One dollar per day for each day of his or her *entire* service." No limit of length of service was fixed and no date of discharge was mentioned. At the special session in 1923, section 1 of chapter 200 of the Laws of 1923 was amended to limit payment to the period ending June 30, 1919, but without regard to date of discharge. (Laws 1923, Special Session, ch. 5, § 1.) Moreover, succeeding statutes which extended the date for the filing of claims did not restrict the application of the law to those holding an honorable discharge at the time referendum was submitted and

adopted. This is true, not only of the last act which extended the time for the filing of claims (Laws 1937, ch. 323), but also of the latest provision for appeals (Laws 1937, ch. 321).

Our legislature in 1937 was probably conversant with the intent and purpose of the 1936 congressional act and intended to provide for new appeals which would include claimant's appeal and appeals by others similarly situated in order to enable them to obtain the compensation benefits to which an honorable discharge entitled them. At any rate, as previously stated, the new provision for appeals in no wise excluded new appeals in such cases as the instant one.

An appeal to the district court in soldiers' compensation cases does not constitute merely a review of the record before the soldiers' compensation board, but provides for a trial *de novo*. (G. S. 1935, 61-1003, 73-128.) Moreover, the law requires the appeal in the district court shall be heard as an equity proceeding. (G. S. 1935, 73-129.) The government, which the soldier had served, had the authority to determine what should constitute an honorable discharge from its service, and to what date such honorable discharge should relate. It fixed the date of his honorable discharge as the date of his actual separation from the military service. The state legislature did not restrict the payment of compensation to persons who had received an honorable discharge by a particular date. In view of all the circumstances, we have no hesitancy in concluding claimant had an honorable discharge, within the meaning of the Kansas soldiers' compensation act, and that the judgment of the trial court must be affirmed. It is so ordered.